**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **SUSAN SADLER**, <br><br>             **PLAINTIFF**, <br><br>        v. <br><br> **THE KROGER CO.**, an Ohio corporation, <br><br>             **DEFENDANT**. | Case No. 3:17-cv-1269 <br><br> **COMPLAINT** <br> (Title III of the ADA; Or. Rev. Stat. § 659A.142) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Susan Sadler alleges as follows:

## I. NATURE OF THE ACTION

1.    This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, and attorney fees and costs, to redress violations of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 *et seq*.), and a pendant state claim under Or. Rev. Stat. § 659A.142.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

## II. JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claim as they arise from the same nucleus of operative facts as the federal claim.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

5. Plaintiff Susan Sadler ("Sadler") is a citizen of the United States of America. At all times relevant, Sadler was a resident of Chinook, Pacific County, Washington.

6. Sadler is a qualified individual with a disability. Sadler suffers from degenerative disc disease, fibromyalgia, major depressive disorder, borderline personality disorder, and post-traumatic stress disorder/generalized anxiety disorder. Said disabilities substantially interfere with her major life activities, including, but not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, bending, concentrating, thinking, and working.

7. Defendant the Kroger Co. ("Kroger") is an Ohio corporation. Kroger is a place of public accommodation and operates the Warrenton Fred Meyer store (the "Warrenton store").

8. All acts of Kroger's employees and officers as alleged herein were within the course and scope of their employment with Kroger.

## IV. GENERAL FACTUAL ALLEGATIONS

9. Sadler is a disabled individual. The Social Security Administration has determined that she is disabled.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

10.     Plaintiff has two service animals (dogs) that assist her with symptoms associated with her disabilities. Plaintiff is unable to hold a leash because of her symptoms associated with fibromyalgia.

11.     Plaintiff's service animals are trained not to leave her side and to not be disruptive in any way.

12.     Since September 2016, plaintiff has shopped at the Warrenton store. On these occasions, plaintiff has been accompanied by her service animal.

13.     On December 19, 2016 while shopping in the Warrenton store plaintiff and her partner were approached by two Fred Meyer employees. These employees stated that plaintiff was required to put her service animal on a leash. Plaintiff attempted to inform them that because of the nature of her disability she was not able to hold a leash, but she was cut short. The Fred Meyer employees demand that plaintiff put her service animal on a leash. Plaintiff's partner informed the employees that they were violating plaintiff's rights under the ADA. The employees left.

14.     Plaintiff went to shop for groceries in another area when she was accosted by another Fred Meyer employee who insisted that she put her service animal on a leash. Plaintiff again attempted to explain that she was unable to hold the leash and that Fred Meyer was not allowed to impose this restriction on her. She was again cut short and the employee insisted that she leash her dog. Plaintiff went to the customer service counter to complain that she was being harassed for having her service animal. At this point, one of the employees from the first encounter appeared and insisted that they have a leash on her service animal or leave the store. She was told that she had to leave the store. Plaintiff paid for her items and left the store.

15.     On December 30, 2016, plaintiff went to do her shopping at the Warrenton store and placed a cushion in the basked for her service animal to sit on. After entering the store she was

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

approached by an employee who told her that she was not allowed to have the dog in her basket. Plaintiff explained that it was a service animal and that she was trying to comply with their prior demands. The employee left and returned with a manager. Plaintiff explained to the manager that she cannot hold the leash because of her fibromyalgia. A third person entered the conversation and became hostile and rude toward plaintiff. The manager told plaintiff to make her purchases and leave the store.

16. On or about January 6, 2017, plaintiff again went to the Warrenton store to shop. Upon arriving she saw the employee that had been rude to them and indicated to her partner that it was the same person. Seeing them, the employee came up to plaintiff and aggressively said "what the hell are you looking at?" Plaintiff and her partner continued with their shopping. When they left the store, they again saw the employee. Plaintiff's partner took a picture on his telephone of the employee and indicated that he was going to report her to the manager. She said, "get the fuck off the property, you're banned." Plaintiff and her partner went into the store to the customer service desk to complain to the store manager about being harassed about their service animal and the employee's conduct toward them. The store manager told plaintiff that she and her partner had to leave and that they were banned from the store because their dog was not on a leash.

17. Plaintiff would like to return to Defendant's Warrenton store to shop but has been deterred from doing so. Plaintiff has not returned to the Warrenton store with her dog because she was told that she was excluded from the premises.

## FIRST CLAIM FOR RELIEF

### (Americans with Disabilities Act—Title III: 42 U.S.C. § 12181 et seq.)

18. Sadler re-alleges all relevant paragraphs as though fully set forth herein.

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

19. Kroger is a place of public accommodation as that term is defined in 42 U.S.C. § 12181(7)(F).

20. Sadler is a "qualified individual with a disability" as that term is defined in § 12131(2).

21. At all relevant times, Kroger was aware of Sadler's disabilities.

22. Kroger discriminated against plaintiff for being disabled and for being accompanied by a service animal in violation of 42 U.S.C. § 12132 and its accompanying regulations.

23. Sadler is entitled to injunctive relief, including, but not limited to, an order mandating full compliance with Title III of the ADA.

24. Sadler is entitled to a declaration that Kroger violated Title III of the ADA.

25. Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Sadler is entitled to an award of attorney's fees, expert witness fees, and costs incurred.

## SECOND CLAIM FOR RELIEF

### (Or. Rev. Stat. §§ 659A.142 and 659A.143)

26. Sadler re-alleges all relevant paragraphs as though fully set forth herein.

27. Kroger is a "place of public accommodation" as that term is defined in Or. Rev. Stat. §§ 659A.142 and 659A.143.

28. Sadler is a "disabled person" as defined at Or. Rev. Stat. § 659A.104(1).

29. At all relevant times, Kroger was aware of Sadler's disabilities.

30. Kroger discriminated against plaintiff for being disabled and for being accompanied by a service animal in violation of Or. Rev. Stat. §§ 659A.142 and 659A.143.

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

31. Sadler is entitled to injunctive relief, including, but not limited to, an order mandating full compliance with Or. Rev. Stat. §§ 659A.142 and 659A.143.

32. Sadler is entitled to a declaration that Kroger violated Or. Rev. Stat. §§ 659A.142 and 659A.143.

33. Plaintiff is entitled to noneconomic damages in an amount to be determined by jury at the time of trial.

34. Pursuant to Or. Rev. Stat. §§ 659A.885 and 20.107, Sadler is entitled to an award of attorney's fees and costs and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Sadler prays for judgment against Kroger as follows:

a. Accepting jurisdiction of this case and declaring that Kroger violated Title III of the ADA;

b. Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an order prohibiting further elder abuse, and an order mandating full compliance with Title III of the ADA and Or. Rev. Stat. §§ 659A.142 and 659A.143;

c. A sum which will fully compensate Sadler for her non-economic damages under the second, third, fourth and fifth claims for relief in a sum that is just as determined by a jury;

d. Sadler's costs and disbursements incurred herein;

e. Sadler's attorney fees; and

f. For such other and further relief as the Court may deem just and equitable.

///

///

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL
Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff demands a trial by Jury.**

DATED: August 3, 2017.

Law Offices of Daniel Snyder

*/s/ John Burgess*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249